IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| RODOLFO ERNESTO MARTINEZ LOPEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:25-cv-2139 (LMB/WBP) |
| | ) | |
| TODD LYONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

ORDER

Petitioner Rodolfo Ernesto Martinez Lopez ("Martinez Lopez"), a native and citizen of El

Salvador, has filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C.

§ 2241, in which he asserts that he has been illegally detained by the U.S. Department of

Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since

October 23, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for

admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8

U.S.C. § 1225(b)(1)(b)(ii), violates his due process rights (Count I) and the Immigration and

Nationality Act (Count II).

Martinez Lopez is currently detained at the Farmville Detention Center. He has sued

Todd Lyons, the Acting Director of ICE; Kristi Noem, the DHS Secretary; and Pamela Bondi,

the Attorney General (collectively, "the federal respondents"). For the reasons discussed in this

Order, the Court finds that Martinez Lopez is detained pursuant to 8 U.S.C. § 1226(a).

Accordingly, his Petition will be granted as to Count I, and respondents will be ordered to release

him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to his Petition, Martinez Lopez has resided in the United States since 2016. [Dkt. No. 2] at ¶ 13. He is married, the stepfather of a sixteen-year-old lawful permanent resident, and the biological father of a six-year-old U.S. citizen child. Id. at ¶¶ 14, 16. His stepdaughter was diagnosed with leukemia in 2023, and she relies on Martinez Lopez for "emotional and daily support." Id. at ¶ 16. Martinez Lopez's family also depends on him for financial stability. Id.

Because Martinez Lopez's immigration history is substantively different from those of other petitioners this Court has recently received, it is summarized below. On July 20, 2016, Lopez after Martinez Lopez had crossed into the United States from Mexico, Customs and Border Patrol ("CBP") officers encountered Martinez Lopez and served him with a Form I-860, Notice of Order of Expedited Removal pursuant to 8 U.S.C. § 1225(b)(1)(A). [Dkt. No. 5] at 5. Martinez Lopez expressed a fear of returning to El Salvador, and an asylum officer conducted a credible fear interview. Id. After the asylum officer determined that Martinez Lopez had a credible fear, ICE issued a Notice to Appear ("NTA").[2] Id. On or about September 7, 2016, an Immigration Judge ordered Martinez Lopez's release on bond. Id.

On November 23, 2016, in Martinez Lopez's Motion for Change of Venue filed with the Immigration Court, he admitted the factual allegations and conceded the charge of removability

---

[1] Because the Court is granting relief on due process grounds, it need not address Martinez Lopez's argument based on the Immigration and Nationality Act.

[2] A Notice to Appear is a "[c]harging document" that "initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13.

2

in the NTA. [Dkt. No. 5-1] at ¶ 10. On August 30, 2017, petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal with the Immigration Court. Id. at ¶ 11. On February 26, 2024, an Immigration Judge administratively closed Martinez Lopez's removal proceedings in Hyattsville, Maryland. Id. at ¶ 12.

On October 23, 2025, ICE officers "encounter the [p]etitioner in Washington, D.C. after a traffic stop." Id. at ¶ 13. The ICE officers "determined [p]etitioner was present in the United States without being admitted or paroled[, and took him] into civil immigration custody[.]" Id. Martinez Lopez was detained at the Farmville Detention Center, where he has been since. Id. On October 28, 2025, DHS filed a Motion to Recalendar Martinez Lopez's removal proceedings with the Hyattsville Immigration Court, id. at ¶ 14, and on November 12, 2025, an Immigration Judge granted its motion, id. at ¶ 15. Martinez Lopez's case was subsequently transferred to the Annandale Immigration Court, which scheduled a master calendar hearing for December 3, 2025. Id. at ¶ 16.

Martinez Lopez filed his Petition for Writ of Habeas Corpus on November 21, 2025. [Dkt. No. 2]. This Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 3] at 1. In response, the federal respondents filed an opposition*, arguing that Martinez Lopez "is an applicant for admission

---

* The Court does not recognize Ms. Halligan as being authorized to represent the United States given the decisions in United States v. Comey, No. 1:25-cr-272, – F. Supp. 3d –, 2025 WL 3266932 (E.D. Va. Nov. 24, 2025), and United States v. James, No. 2:25-cr-122, – F. Supp. 3d –,

3

subject to mandatory detention under 8 U.S.C. § 1225(b)(1)—not § 1225(b)(2)—pending his removal from the United States." [Dkt. No. 9] at 2. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

II.

A.

The federal respondents first contend that this Court lacks jurisdiction to review Martinez Lopez's petition. Id. at 7-8. "Under 28 U.S.C. § 2241(c)(3), a district court may grant a writ of habeas corpus to any person who demonstrates that he is 'in custody in violation of the Constitution or laws or treaties of the United States." Luna Sanchez v. Bondi, 2025 WL 3191922, at *2 (E.D. Va. Nov. 14, 2025). "The writ of habeas corpus has traditionally 'served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest.'" Id. (quoting I.N.S. v. St. Cyr., 533 U.S. 289, 301 (2001)). And as this Court has repeatedly observed, habeas is "regularly invoked on behalf of noncitizens." Hasan v. Crawford, 2025 WL 2682255, at *3 (E.D. Va. Sept. 19, 2025).

The federal respondents argue that 8 U.S.C. § 1252(a)(2)(A)(iv) strips this Court of jurisdiction to consider petitioner's claims. [Dkt. No. at 8. Section 1252(a)(2)(A)(iv) provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review . . . procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title.

8 U.S.C. § 1252(a)(2)(A)(iv).

---

2025 WL 3266931 (E.D. Va. Nov. 24, 2025), which have neither been stayed nor appealed as of this date. See also United States v. Giraud, Nos. 25-2635 & 25-2636, – F.4th –, 2025 WL 3439752 (3d Cir. Dec. 1, 2025).

4

The federal respondents also assert that Martinez Lopez is precluded from receiving bond because of the Attorney General's decision in Matter of M-S-, 27 I. & N. Dec. 509 (BIA 2019), concluding that individuals initially detained under § 1225(b)(1) who establish credible fear are not entitled to release on bond, and that Matter of M-S- is a policy or interpretation which § 1252(a)(2)(A)(iv) bars from this Court's review. Id. But as another court in this division has held, "the Supreme Court has repeatedly instructed" courts to "narrowly construe the jurisdiction-stripping language in the INA." Luna Sanchez v. Bondi, 2025 WL 3191922, at *3 (E.D. Va. Nov. 14, 2025). Because Martinez Lopez "does not challenge the procedures or policies through which DHS implements expedited removal under 8 U.S.C. § 1225(b)(1)[,]" and instead challenges "whether he is subject to those policies in the first place and whether his continued detention, after an [Immigration Judge] ordered his release on bond, violates his right to due process[,]" § 1252(a)(2)(A)(iv) has no application to his Petition.[3] Id.

## B.

The central question posed in Martinez Lopez's Petition is whether he is subject to mandatory detention under § 1225(b)(1)(B)(ii) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). Martinez Lopez contends that his detention is governed by § 1226(a), as supported by his prior release on bond in 2016. [Dkt. No. 6] at ¶ 7. The federal respondents argue that because Martinez Lopez was initially detained under § 1225(b)(1)(B)(ii) in 2014, he continues to be subject to that provision's mandatory detention

---

[3] This case is distinct from Romero v. Bondi, 2025 WL 2490659, at *3 (E.D. Va. July 2, 2025). In Romero, a court in this division determined that a Petitioner was detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), and, therefore, the court lacked jurisdiction under 8 U.S.C. § 1252(a)(2)(A)(iv) to grant his release on bond. By contrast, here, the Court determines that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). See infra.

requirement until his asylum application is adjudicated. [Dkt. No. 5] at 8-11. In the alternative, the federal respondents argue that Martinez Lopez is still subject to mandatory detention pursuant to § 1225(b) because he is an "applicant for admission." Id. at 12-13.

Neither argument is persuasive. First, the record in this case undermines the federal respondents' argument that § 1225(b)(1) applies. After Martinez Lopez established a credible fear of persecution, DHS placed him in removal proceedings, see [Dkt. No. 5-1] at 3, and then released him on bond pursuant to § 1226(a), see [Dkt. No. 6] at ¶ 7; see also Matter of X-K-, 23 I. & N. Dec. 731, 734–36 (BIA 2005) (concluding that IJs may exercise their "general custody authority" under § 1226(a) and release individuals on bond who are initially screened for expedited removal but subsequently establish a credible fear of persecution); overruled by Matter of M-S-, 27 I. & N. Dec. 509 (BIA 2019). Despite the federal respondents' arguments to the contrary, numerous federal courts have made clear that "[p]etitioner's prior release on bond carries legal significance."[4] Luna Sanchez, 2025 WL 3191922, at *4. "DHS's decision to release an individual on bond, as opposed to humanitarian parole under 8 U.S.C. § 1182(d)(5)(A), constitutes strong evidence that DHS intended to detain the individual under § 1226(a) and not under § 1225(b)." Id. (quoting Quispe-Ardiles v. Noem, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025)); see also Loja v. FCI Berlin, Warden, 2025 WL 3079160, at *2 (D. N.H. Nov. 4, 2025) (finding that, when the government elects to release a person on bond under § 1226(a), rather than humanitarian parole under § 1182(d)(5)(A), the government cannot later 'turn back the clock, and neither can the Court") (quoting De Andrade v. Moniz, 2025 WL 2841844, at *6

---

[4] The federal respondents rely on Romero v. Bondi to argue that the apparently erroneous release of a petitioner on bond cannot change his legal status. [Dkt. No. 5] at 9-10 (citing 2025 WL 2490659, at *2 (E.D. Va. July 2, 2025). But here, there is no indication that Petitioner's prior release on bond was erroneous.

(D. Mass. Oct. 7, 2025)). Martinez Lopez's release on bond supports the conclusion that he is currently detained under § 1226(a).[5]

The federal respondents next contend that the "fact that [p]etitioner was released on bond . . . has no bearing [on] [p]etitioner's current detention" because Martinez Lopez remains—and has acknowledged that he is—an "applicant for admission" and therefore meets the statutory requirements to be detained under § 1225(b).[6] [Dkt. No. 5] at 11-12. As the federal respondents argued in their Ceba Cinta opposition—which has been incorporated into the record in this civil action—whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025). According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Id. Therefore, they argue that because Martinez Lopez has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C.

---

[5] The federal Respondents rely on Romero v. Bondi to argue that the apparently erroneous release of a petitioner on bond cannot change his legal status. [Dkt. No. 5] at 9-10 (citing 2025 WL 2490659, at *2 (E.D. Va. July 2, 2025). But here, there is no indication that Petitioner's prior release on bond was erroneous.

[6] Specifically, the federal respondents argue that Martinez Lopez "meets the statutory requirements to be detained under § 1225(b)(1)(B)(ii) because he is an "applicant for admission." [Dkt. No. 5] at 11. And the federal respondents, in the alternative, argue that because Martinez Lopez "is an applicant for admission . . . seeking admission [and] is not clearly and beyond a doubt entitled to be admitted[,]" he is subject to mandatory detention under § 1225(b)(2). Id. at 12 (citation omitted). Furthermore, the federal respondents request that this Court incorporate "their substantive filings in Ceba Cinta" to be incorporated in their argument in the alternative. Id. at 12 (citing Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va. Oct. 28, 2025)). Because these arguments are substantively similar, the Court addresses them together.

7

§ 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2).  Id.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as numerous district courts throughout the country have found,[7] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction.  See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025).  This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application."  Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), which the Government has not appealed.  This Court adopts the findings and conclusions in Hasan into this Order.  That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where

---

[7] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond. Vargas Nunez v. Lyons, et al., 1:25-cv-1574, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons, et al., 1:25-cv-1583, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon, et al., 1:25-cv-1587, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released on a $1,500 bond); Perez Bibiano v. Lyons, et al., 1:25-cv-1590, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); Guerra Leon v. Noem, et al., 1:25-cv-1634, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); Melendez v. U.S. Immigr. & Customs Enf't, et al., 1:25-cv-1622, Dkt. No. 14 (E.D. Va. Oct. 28, 2025) (released on his own recognizance); Sanchez Saire v. Elliston, et al., 1:25-cv-1808, Dkt. No. 9 (E.D. Va. Nov. 4, 2024) (released on a $1,500 bond); Ortiz Martinez v. Noem, et al., 1:25-cv-1816, Dkt. No. 16 (E.D. Va. Nov. 4, 2025) (released on a $5,000 bond); Zelaya Arias v. Lyons, et al., 1:25-cv-1892, Dkt. No. 9 (E.D. Va. Nov. 19, 2025) (released on a $8,000 bond); Maya Torres v. Crawford, et al., 1:25-cv-1891, Dkt. No. 12 (E.D. Va. Nov. 17, 2025) (released on his own recognizance); Cabrera Gomez v. Noem, et al., 1:25-cv-1997, Dkt. No. 6 (E.D. Va. Nov. 26, 2025) (released on a $3,000 bond); Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 13 (E.D. Va. Nov. 23, 2025) (released on a $1,500 bond); Rios Resendiz v. Lyons, et al., 1:25-cv-1872, Dkt. No. 16 (E.D. Va. Nov. 23, 2025) (released on a $8,000 bond); Hernandez-Salvador v. Bondi, et al., 1:25-cv-2001, Dkt. No. 7 (E.D. Va. Dec. 2, 2025) (released on a $1,500 bond); Hernandez Alfaro v. Simon, et al., 1:25-cv-2054, Dkt. No. 7 (E.D. Va. Dec. 3, 2025) (released on his own recognizance); Hernandez Contreras v. Lyons, et al., 1:25-cv-2053, Dkt. No. 8 (E.D. Va. Dec. 3, 2025) (released on his own recognizance); Reyes Alvarez v. Crawford, et al., 1:25-cv-2148, Dkt. No. 8 (E.D. Va. Dec. 4, 2025) (released on his own recognizance); Flores Lazaro v.

Simon, et al., 1:25-cv-2091, Dkt. No. 7 (E.D. Va. Dec. 4, 2025) (released on a $5,000 bond); Mata v. Bondi, et al., 1:25-cv-2089, Dkt. No. 9 (E.D. Va. Dec. 4, 2025) (released on a $5,000 bond). But see Funez Contreras v. Lyons, et al., 1:25-cv-1929, Dkt. No. 12 (E.D. Va. Nov. 22, 2025) (bond denied).

Martinez Lopez has been present in the United States since 2016. [Dkt. No. 1] at ¶ 45. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Martinez Lopez's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Martinez Lopez's continued detention is unlawful.

### III.

For all the reasons stated above, Martinez Lopez's Petition [Dkt. No. 2] is GRANTED, and it is hereby

ORDERED that Martinez Lopez be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge. Martinez Lopez must live at a fixed address which he must provide to the federal respondents.

ORDERED that respondents provide Martinez Lopez with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Martinez Lopez on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Martinez Lopez is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[8]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Martinez Lopez has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Martinez Lopez's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this _10_ day of December, 2025.

Alexandria, Virginia

_____/s/_____
Leonie M. Brinkema
United States District Judge

---

[8] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.

11